TEACHER SALARY SCHEDULE House Bill 1782 (codified at 74 O.S. 829 [74-829] (1974), et seq.) applies only to certified teachers employed to serve as administrators, counselors, librarians, or to teach by the State of Oklahoma under the Merit System. Section 829 C. refers to the annual increment provided for in the public school teachers' salary schedule. Section 830 allowed all applicable teachers to choose to participate in either the Public Employees Retirement System or the Oklahoma Teachers Retirement Program. If an incumbent applicable teacher has already exercised his option, House Bill 1782 does not grant said incumbent another option. The language of Section 830 does not allow any applicable teacher to switch back and forth between retirement plans. Section 830.1 shall also be applicable to teachers covered by the bill. This means that teachers covered under House Bill 1782 with salaries above the amount provided for in the minimum salary schedule would still receive the full $700.00 increase provided in Senate Bill 434. Section 830.2 provides that the Superintendent of Public Instruction and the Wage and Salary Adjustment Board shall act together to enforce House Bill 1782 in that the Superintendent should make recommendations and the Board shall act thereon. House Bill 1782 removes only the salaries of applicable teachers from the Merit System coverage. In all things but salary, applicable teachers are still under the Merit System jurisdiction and protection. House Bill 1782 merely establishes a minimum salary, and does not set any salary limit. A state agency may lawfully pay applicable teachers more than the minimum salary, and does not set any salary limit. A state agency may lawfully pay applicable teachers more than the minimum salary established by House Bill 1782. Teachers covered under House Bill 1782 do not receive the $35.00 per month increase provided by House Bill 1556. The Attorney General has considered your opinion request, wherein you ask, in effect, the following questions: 1. Does Section 1.A of House Bill 1782 (codified at 74 O.S. 829 [74-829] (1974) et seq.) mean that minimum salaries stated therein apply only to administrators, counselors, librarians, and teachers employed by the State, or to all State employees with teaching certificates regardless of the position they hold? 2. Does 74 O.S. 829 [74-829](c) (1974) refer to the annual increment provided in the public school teacher's salary schedule? 3. How does Section 74 O.S. 829 [74-829](c) apply to personnel already working? Does it allow teachers to move back and forth from one retirement plan to another whenever they wish? 4. Does 74 O.S. 830.1 [74-830.1] (1974) apply only to the minimum salary schedule? 5. To enforce this legislation, does the Wage and Salary Adjustment Board act only upon recommendations made by the Superintendent of Public Instruction? 6. Does this legislation remove applicable teachers from the jurisdiction of the Merit System? 7. May a state agency pay applicable teachers more than the salary established by this legislation? 8. Do teachers covered under 74 O.S. 829 [74-829] (1974) et seq. receive the $35.00 per month increase provided by 74 O.S. 824 [74-824] (1974)? Title 74 O.S. 829 [74-829](A) (1974) provides in pertinent part: "The minimum salaries of certified teachers employed to serve as administrators, counselors, librarians or to teach by the State of Oklahoma . . . under the Merit System of Personnel Administration, shall not be less than the minimum salary currently prescribed by law for public school teachers adjusted to a fifty two-week year." A plain reading of this Section shows that it does not apply to all employees with teaching certificates regardless of the position they hold. Section 829 A. applies only to (1) certified teachers (2) employed to serve as administrators, counselors, librarians or to teach by the State of Oklahoma (3) under the Merit System. To answer your second question, it is necessary to consider Section 74 O.S. 829 [74-829] in its entirety. Section 74 O.S. 829A [74-829A]. provides in effect that the minimum salaries of all applicable teachers " shall not be less than the minimum salary currently prescribed by law for public school teachers adjusted to a fifty-two-week year." Section 74 O.S. 829B [74-829B] provides in effect that public school teachers' salaries "shall apply to all levels and increments of the salary schedule" and that the salaries of applicable teachers "shall annually be reviewed and adjusted as provided above." Section 829 C. provides in effect that all applicable teachers doing satisfactory work shall "be granted annual step increases." Section 829 A. and B. both refer to the public school teachers' salary schedule. It is a cardinal rule of statutory construction that where the literal meaning of a statute would result in great inconvenience or lead to absurd consequences, it is proper to presume that such consequences were not intended and to adopt a construction that will avoid the non sequitur. Brown v. State Election Board, Okl., 170 P.2d 200, 202
(1946). The public school teachers' salary schedule is the subject of Section 829, and the words "granted an annual step increase" do refer to the annual increment provided for in the teachers' salary schedule. Your third question may be answered by analyzing the relevant portion of 74 O.S. 830 [74-830] (1974), which provides: "Such teachers shall also be entitled to all benefits and privileges of their profession, including the right to participate in the Public Employees' Retirement System, or the Oklahoma Teachers' Retirement Program at the option of the teacher and the right of membership and participation in the Oklahoma Education Association and all other professional associations and organizations of their choice." This provision allows all applicable teachers to choose to participate in either retirement plan. If an incumbent applicable teacher has already exercised his option, Section 830 does not grant said incumbent another option. The language of Section 830 does not allow any applicable teacher to switch back and forth between retirement plans. Each applicable teacher is allowed only one election. Answering your fourth question requires a careful reading of 74 O.S. 830.1 [74-830.1] (1974), which provides: "Any increase in salaries of public school teachers granted by law from time to time shall also be applicable to certified teachers employed to serve as administrators, counselors, librarians or to teach by the state under the Merit System of Personnel Administration. Such increase shall be effective the last day of the month in which such law becomes effective." No language in Section 830.1 limits increases to only the minimum salary schedule. The Section states that any increase in salaries of public school teachers shall also be applicable to teachers covered by the bill. This means that teachers covered under 74 O.S. 829 [74-829] (1974), et seq. with salaries above the amount provided for in the minimum salary schedule would still receive the full $700.00 increase provided in Senate Bill 434. The answer to your fifth question may be found in a careful reading of 74 O.S. 830.2 [74-830.2] (1974), which provides: "A. The Superintendent of Public Instruction and the Wage and Salary Adjustment Board shall enforce and carry out the provisions of this act. "B. The Wage and Salary Adjustment Board shall act upon recommendation made by the Superintendent or his designated representative. " (Emphasis added) Section A. is written in the conjunctive, specifically indicating that the Superintendent and the Board must act together to enforce this legislation. In Section B., the Legislature indicates how the Superintendent and the Board would act in concert. To enforce Section 829, et seq., the Superintendent should make recommendations and the Wage and Salary Adjustment Board should act thereon. Your sixth question requires an analysis of the entire bill. Under this legislation, salaries for applicable teachers are recommended by the Superintendent of Public Instruction and acted upon by the Wage and Salary Adjustment Board. Section 829, et seq. applies only to salary. No language states or suggests that applicable teachers are completely removed from Merit System coverage. In all things but salary, applicable teachers are still squarely under Merit System jurisdiction and protection. Concerning your seventh question, Section 829 A. provides that "the minimum salaries" of applicable teachers "shall not be less than the minimum salary currently prescribed by law for public school teachers adjusted to a fifty-two-week year." This language merely establishes a minimum salary, and does not set any salary limit. A state agency may lawfully pay applicable teachers more than the minimum salary established by Section 829, et seq. The answer to your eighth question turns on timing. House Bill 1782 removed salaries of applicable teachers from the Merit System schedule. House Bill 1782 was passed with an emergency clause and became effective May 29, 1974. As of that date, applicable teachers were paid according to the salary schedule for public school teachers. Under House Bill 1556, the $35.00 per month pay raise to employees under the Merit System was not effective until July 1, 1974, after the teachers were already removed. Teachers would not receive the $35.00 per month pay raise because it became effective after the teachers were by law no longer tied to the Merit System for purposes of com pensation. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. House Bill 1782 (codified at 74 O.S. 829 [74-829] (1974), et seq.) applies only to certified teachers employed to serve as administrators, counselors, librarians, or to teach by the State of Oklahoma under the Merit System. Section 829 C. refers to the annual increment provided for in the public school teachers' salary schedule. Section 830 allows all applicable teachers to choose to participate in either the Public Employees Retirement System or the Oklahoma Teachers Retirement Program. If an incumbent applicable teacher has already exercised his option, House Bill 1782 does not grant said incumbent another option. The language of Section 830 does not allow any applicable teacher to switch back and forth between retirement plans. Section 830.1 shall also be applicable to teachers covered by the bill. This means that teachers covered under House Bill 1782 with salaries above the amount provided for in the minimum salary schedule would still receive the full $700.00 increase provided in Senate Bill 434. Section 830.2 provides that the Superintendent of Public Instruction and the Wage and Salary Adjustment Board shall act together to enforce House Bill 1782 in that the Superintendent should make recommendations and the Board shall act thereon. House Bill 1782 removes only the salaries of applicable teachers from the Merit System coverage. In all things but salary, applicable teachers are still under the Merit System jurisdiction and protection. House Bill 1782 merely establishes a minimum salary, and does not set any salary limit. A state agency may lawfully pay applicable teachers more than the minimum salary established by House Bill 1782. Teachers covered under House Bill 1782 do not receive the $35.00 per month increase provided by House Bill 1556. (Daniel J. Gamino)